UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEVIN WADE,
Petitioner,
v.
THE PEOPLE OF CALIFORNIA,
Respondent.

Case No. 26-cv-12494-BLF (PR)

**ORDER OF TRANSFER**

Petitioner, who appears to be in the custody of the Los Angeles County Sheriff's Department,[1] filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction out of Orange County Superior Court. Dkt. No. 1 at 1.

Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction or sentencing. *See* Habeas L.R. 2254-3(b)(1); *Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Here, Petitioner is challenging his conviction out of Orange County and is currently confined in

[1] Plaintiff's mailing address, P.O. Box 86164, is the general incoming mail address used by the Los Angeles County Sheriff's Department for inmates in LA County custody. Dkt. No. 1 at 1.

Los Angeles County. Dkt. No. 1 at 2. Both Orange County and Los Angeles County lie within the venue of the Central District of California, albeit in different divisions. *See* 28 U.S.C. § 84(c). Therefore, venue properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b).

This case is hereby TRANSFERRED to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Southern Division for the Central District of California.

**IT IS SO ORDERED.**

**Dated:** November 24, 2026

BETH LABSON FREEMAN
United States District Judge